# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| MARY HOLCOMB and MARY GROVOGEL, on behalf of themselves, individually, and on behalf of all others similarly situated, and on behalf of the Hospital Sisters Health System Plans, | ) ) ) ) ) ) No. 3:16-cv-03282 |
| Plaintiffs, | ) ) Judge Sue E. Myerscough ) Magistrate Judge Tom Schanzle-Haskins |
| v. | ) ) |
| HOSPITAL SISTERS HEALTH SYSTEM, *et al.*, | ) ) ) |
| Defendants. | ) |
| HOLLY MOLLET, individually, on on behalf of all others similarly situated, and on behalf of the Hospital Sisters Health Services Employees' Pension Plan | ) ) ) ) ) No. 3:16-cv-03296 |
| Plaintiff, | ) ) Judge Sue. E. Myerscough ) Magistrate Judge Tom Schanzle-Haskins |
| v. | ) ) |
| HOSPITAL SISTERS HEALTH SYSTEM, *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER

Now before the Court are *Holcomb* Plaintiffs' Motion to Appoint Interim Lead Plaintiffs, Interim Co-Lead Counsel, and Interim Liaison Counsel (d/e 19) and the Motion to Appoint Interim Lead Class Counsel filed by Plaintiff Holly Mollet (d/e 21). For the reasons set forth below, the *Holcomb* Plaintiffs' Motion to Appoint Interim Lead Plaintiffs, Interim Co-Lead

1

Counsel, and Interim Liaison Counsel (d/e 19) is GRANTED and the Motion to Appoint Interim Lead Class Counsel filed by Plaintiff Holly Mollet (d/e 21) is DENIED.

Rule 23 of the Federal Rules of Civil Procedure allows the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In appointing interim counsel, the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A); see also Simpkins v. Wells Fargo Bank, N.A., 2013 WL 12051028, *1 (S.D. Ill. June 28, 2013) (noting that many courts have held that the Rule 23(g)(1) factors are to be applied in appointing interim counsel). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Of particular importance here, "[i]f more than one adequate applicant seeks appointment [as interim counsel], the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

Having considered the four factors listed in Rule 23(g)(1), the Court has determined that although Mollet Plaintiffs' counsel would adequately represent the putative class in this matter, it is Holcomb Plaintiffs' counsel that can best represent the interests of the putative class. The first factor the Court must consider—the work done by counsel in identifying or investigating potential claims—weighs in favor of the appointment of Holcomb Plaintiffs' counsel as interim

counsel. Based on the complaints filed, the Court is convinced that both sets of counsel have analyzed numerous documents and researched numerous legal issues in order to assert claims on behalf of their clients. But only the Holcomb Complaint includes claims regarding lump-sum payments for which some individuals may be entitled to relief, claims that are absent from the Mollet Complaint. These additional claims in the Holcomb Complaint indicate a more thorough endeavor at identifying and investigating all potential claims by Holcomb Plaintiffs' counsel.

The second factor—counsel's experience in handling class actions and the types of claims brought in the instant matter—also supports the appointment of Holcomb Plaintiffs' counsel as interim counsel. While both sets of counsel have significant experience in ERISA class-action cases, Holcomb Plaintiffs' counsel have the advantage of having served as counsel in numerous ERISA class-action cases involving "church plans." In contrast, Mollet Plaintiffs' counsel has apparently never before served as counsel in an ERISA class-action case involving "church plans." Because the second factor focuses not only on experience handling class actions, but also with experience handling "the types of claims asserted in the action," this factor weighs in favor of appointing Holcomb Plaintiffs' counsel as interim counsel.

As for the third factor—counsel's knowledge of the applicable law—it also weighs in favor of appointing Holcomb Plaintiffs' counsel as interim counsel. Specifically, Holcomb Plaintiffs' counsel are involved in the three ERISA class-action cases involving "church plans" in which a decision has been rendered by a federal court of appeals, cases in which the Supreme Court will hear oral argument later this year. Holcomb Plaintiffs' counsel's familiarity with these appellate court decisions and the underlying legal arguments, not to mention their involvement with the legal arguments regarding "church plans" that will be made to the Supreme Court later this year, convinces the Court that Holcomb Plaintiffs' counsel's knowledge of the

law applicable here is greater than that of Mollet Plaintiffs' counsel.  Further, the fact that the Holcomb Complaint includes claims regarding lump-sum payments that are absent from the Mollet Complaint suggests that a greater knowledge of the law applicable to "church plans" rests with Holcomb Plaintiffs' counsel.

The Court finds that the fourth factor—the resources that counsel will commit to class representation—does not favor one set of counsel over the other.  Based on their track records in other ERISA class-action cases, both sets of counsel have significant resources to devote to this matter.  The Court has no doubt that those resources will be expended in representing the putative class in this consolidated action, regardless of which set of counsel is directing the work.

In conclusion, the Court has no doubt that Mollet Plaintiffs' counsel, if appointed interim counsel, would adequately serve the interests of the putative class.  But for the reasons set forth above, the Court, having analyzed the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, has determined that Holcomb Plaintiffs' counsel are best able to represent the interests of the putative class in this consolidated action.

IT IS HEREBY ORDERED that the *Holcomb* Plaintiffs' Motion to Appoint Interim Lead Plaintiffs, Interim Co-Lead Counsel, and Interim Liaison Counsel (d/e 19) is GRANTED.  The Motion to Appoint Interim Lead Class Counsel filed by Plaintiff Holly Mollet (d/e 21) is DENIED.  Pursuant to the Order entered by the Court on November 18, 2016, the parties shall move within five days of the date of this Order to set a deadline for the filing of a master consolidated complaint.  Once the master consolidated complaint is filed, these consolidated maters are to be STAYED pending the Supreme Court's decision in <u>Advocate Health Care Network v. Stapleton</u>, case number 16-74, although Plaintiffs shall be allowed to effectuate service of the master consolidated complaint on the defendants.

IT IS FURTHER ORDERED that:

1. Plaintiffs Mary Holcomb and Mary Grovogel are appointed Interim Lead Plaintiffs.

2. Keller Rohrback L.L.P. and Cohen Milstein Sellers & Toll, PLLC are hereby appointed Interim Co-Lead Counsel.

3. Interim Co-Lead Counsel shall have the authority to perform or delegate the performance of the following matters on behalf of Lead Plaintiffs and the proposed Class in the Consolidated Complaint:

   a. Directing, coordinating, and supervising the prosecution of Plaintiffs' claims in the Consolidated Action;

   b. Executing the filing of pleadings and other documents with the Court;

   c. Directing and managing all pretrial proceedings, including the briefing and argument of motions and the scope, order, and conduct of all discovery;

   d. Appearing at all hearings and conferences regarding the case;

   e. Assigning work to plaintiffs' counsel as necessary and appropriate under the circumstances;

   f. Retaining experts;

   g. Communicating with the Court and defendants' counsel;

   h. Conducting all settlement negotiations on behalf of the Class;

   i. Communicating with all plaintiffs and all plaintiffs' counsel on a regular basis;

j. Collecting and reviewing time and expense records form all plaintiffs' counsel on a monthly basis and at the conclusion of the case, as necessary and appropriate under the circumstances, and submitting a fee and costs application;

k. Coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and generally, in the litigation; and

l. Performing such other duties that may be incidental to proper coordination of Interim Lead Plaintiffs' pretrial activities or authorized by further order of the Court.

4. Matthew H. Armstrong is hereby appointed Interim Liaison Counsel.

5. Interim Liaison Counsel will be the attorney to whom the Court may direct administrative inquiries and shall be responsible for maintaining and distributing an up-to-date service list, managing communications between the Court and other counsel, and performing other administrative assignments deemed necessary as the case progresses.

IT IS SO ORDERED.

Dated: January 18, 2017                         */s/ Sue E. Myerscough*
                                                U.S. District Court Judge Sue E. Myerscough